No. 126

SZYMANSKI v. DAVIS, Dir.

No. 19551. Supreme Court

On motion to certify. Dock. Jan. 9, 1926; 4 Abs. 56.

725. LIMITATIONS—If service is quashed and then an amendment to petition filed and service is then obtained after the two year statute of limitations prescribed by The Transportation Act of Congress has run, is such action thereby barred?

Joseph Szymanski brought an action against James C. Davis, Director General of the United States Railroad Administration in the Belmont Common Pleas for loss of baggage shipped by the Baltimore & Ohio Railroad Co., under Section 206 (a) of the Transportation Act of Congress. The cause of action accrued on February 25, 1920 during the federal control of railroads. The petition was filed December 24, 1921 and summons served on December 30, 1921 upon a ticket agent.

On January 21, 1922 a motion to quash the service and return was filed, which was sustained on July 28, 1922, five months after the two year limitation period had expired, on the ground that the return did not recite that the ticket agent upon whom service was made was such employee "of The Baltimore & Ohio Railroad Company."

On August 18, 1922, on leave of Court, an amendment to the petition was filed and on September 23, 1922 an alias summons was issued which was served on September 29.

After the overruling of a motion to quash and a motion to strike from the files, a demurrer was filed, which was sustained on the ground that the action was barred by the federal statute of limitations. The Court of Appeals affirmed the ruling.

Szymanski, in the Supreme Court, contends:
1. That jurisdiction of the railway company was acquired and retained, notwithstanding defective return of summons.

2. That an action under the Federal Transportation Act is controlled by state statutes defining what shall constitute such commencement and a new action within a specified time after failure otherwise than on merits.

3. 11233 GC. is applicable when plaintiff fails because of defective return of service and operates to avoid the dismissal of an action where motion to quash is sustained after limitation of action expires.

4. Amendment to petition after period limited by federal statute suspended limitation unless amendment states new cause of action.

5. Amendment to petition did not present a cause of action different from that originally stated.

Attorneys—C. C. Sedgwick, Bellaire, for Szymanski; N. K. Kennon, St. Clairsville, for Davis.

---

No. 127

CLEVELAND RY. CO. v. FRIEDRICH

No. 19406. Supreme Court

On motion to certify. Dock. Nov. 18, 1925; 3 Abs. 706.

225. CHARGE TO JURY — 1. Where court's charge establishes two theories in which either one or the other co-dewendant is liable, has error been committed when court instructs jury that it might bring in a joint verdict?

2. Would such instruction be inconsistent with the general charge,

Clara Friedrich sued the Cleveland Railway Co. and Ralph Hulett in the Cuyahoga Common Pleas, alleging that while driving a buggy, Hulett's machine wa sstruck by a car of the Company and was propelled against the buggy, by reason of which she was thrown to the street sustaining certain injuries.

Friedrich alleged that the Company was careless in failing to keep a lookout for the automobile, in not having the car under control and in failing to slacken the speed of the car in order to avoid the collision. The jury returned a verdict in favor of Friedrich for $6500 against the Company and Hulett jointly. The Court of Appeals affirmed the judgment of the Common Pleas.

In the Supreme Court, the Company contends:
1. That the court erred in charging the jury that it might bring in a joint verdict against both co-defendants.

2. That the court erred in refusing to instruct the jury as requested by it.

It is claimed that under the courts charge and from its language, there could be but two theories upon which a verdict could be returned. Either Hulett was negligent and a verdict was to be returned for the Company or Hulett was not negligent; that there was to be an exoneration of one or the other codefendant. It is urged that the court's instruction that the jury might bring in a joint verdict wa sinconsistent with the language from the charge.

It is claimed by the Company that its request to charge was obligatory under the state of the record. The request was: "There is no evidence of joint negligence in this case and your verdict must be either against one or against the other of these defendants. It cannot be against both."

Attorneys—Squire, Sanders & Dempsey for Company; Walter D. Meals for Friedrich; all of Cleveland.